## SLOAN v. MITCHELL *et al.*, *Appellants.*

1. **Attachment:** JUDGMENT: AFFIDAVIT. Where in ejectment a party offers in evidence as a link in his chain of title, a judgment of a court of competent jurisdiction rendered in a suit commenced by attachment, such judgment is not assailable, on the ground that there was no affidavit for the attachment.

2. ———: ———: ———. Besides, the record in this case fails to show whether an affidavit for the attachment was filed or not.

*Appeal from Ozark Circuit Court.*—HON. J. R. WOOD-SIDE, Judge.

AFFIRMED.

*Hamilton & Fisher* and *Monks & Green* for appellants.

The record introduced by plaintiff shows that no affidavit was ever made as required by statute, giving the court or clerk authority to issue the attachment. Without the affidavit required by statute (1 W. S., sec. 6, p. 182; sec. 403, R. S.) the court or clerk had no jurisdiction to issue the attachment. The recitals in the deed fail to state that an affidavit was filed, and the record introduced to vary those recitals is equally silent. As there was no affidavit to give jurisdiction and warrant the attachment, the subsequent proceedings were void, and the sheriff's deed to plaintiff's grantor was a nullity. *Bray v. McClury*, 55 Mo. 128. It has been uniformly held that the affidavit is necessary to confer jurisdiction in attachment suits. After jurisdiction is obtained, irregularities in the proceedings will not render the judgment void or liable to collateral attack, but without the affidavit no jurisdiction is acquired, and the whole proceedings are void. *Freeman v. Thompson*, 53 Mo. 183; *Johnson v. Gage*, 57 Mo. 160. The sheriff's deed to plaintiff's grantor being a nullity, he acquired no title by it. The

deed by the sheriff to the grantor of defendant was regular, and although it may have contained a misdescription, it conveyed the equitable title, and was good against the plaintiff's claim of title. But the misdescription was immaterial. Township twenty-two was written "two (22)." That description should be taken about which there is the least probability that a mistake would be committed. It is not probable that a mistake would be made in writing the number "22," whereas it would be a common mistake to omit "twenty" in copying the words "twenty-two" into an instrument. The plaintiff failing to show any title whatever as against defendant's title through the sheriff's deed, the judgment should have been for the defendant, and should be reversed.

*Smith & Krauthoff* and *A. H. Livingston* for respondent.

(1) Defendants did not show any title in the lot; the sheriff's deed conveyed township *two*. *Bradshaw v. Bradbury*, 64 Mo. 334. (2) Plaintiff, in any event, had the better title. Pumphrey's judgment was rendered in 1861 and does not seem ever to have been revived. An execution could not legally issue on it in 1874 (more than ten years after its rendition), and a sale under an execution conferred no title. R. S., sec. 2739; *George v. Middough*, 62 Mo. 549. (3) The sale under the attachment related back to the levy, and was the superior title. *Lackey v. Seibert*, 23 Mo. 85; *Ensworth v. King*, 50 Mo. 477; *Huxley v. Harrold*, 62 Mo. 516; *Hall v. Stephens*, 65 Mo. 670. (4) It will be presumed that the attachment was a valid proceeding, and was supported by a proper levy. *State v. Williamson*, 57 Mo. 192; *Wellshear v. Kelly*, 69 Mo. 343; *Huxley v. Harrold*, 62 Mo. 516; *Johnson v. Gage*, 57 Mo. 160; *Freeman v. Thompson*, 53 Mo. 183; *Kane v. McCown*, 55 Mo. 181.

DeArmond, C.—This is a suit in ejectment. Plaintiff

claims, under a sheriff's deed to one Price, his grantor. This deed is based on a sale on special execution. The deed refers to the judgment as one declared to be a lien upon the property sold, but does not specify how or when the lien attached. The judgment introduced in evidence by plaintiff recites that the real estate in controversy was attached March 13, 1874. On the other hand, defendants claim under a sheriff's deed to defendant, Pumphrey, and a warranty deed from him to his co-defendant. This Pumphrey sheriff's deed described the real estate as in township *two* (*22* ). Twenty-two is the right township. The execution at the sale under which Pumphrey bought was levied on March 30, 1874. The lien of the general judgment, upon which this execution issued, had expired before the issuance of the execution. Both judgments were against the same person, one Clark. The special judgment was rendered December, 1874, and the sale under it was in April, 1875. The sale at which Pumphrey bought was in April, 1874.

Defendants admit that if the attachment proceedings were regular, plaintiff has the superior title, since in the one case the attachment was levied March 13, 1874, and in the other execution, issued upon a general judgment after the lien created by law had terminated, was levied March 30, 1874. Their contention now is that there was no affidavit for attachment, and, therefore, the special judgment is void, and Price acquired nothing. Whether there was, in fact, such affidavit, we cannot learn from the record in this case. Neither party showed, or offered to show, that an affidavit was, or was not, made. The circuit court of Ozark county, which rendered the special judgment, is, and was, a court of competent jurisdiction, and the validity of its judgments cannot be questioned in this way.

The judgment should be affirmed. All concur.